# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br>    Daryl R. Rothmund, | : Chapter 7<br>: |
|         Debtor. | : Bankruptcy No. 18-12225-MDC |

| | |
|---|---|
| Jenzack Partners, LLC | : |
|         Plaintiff, | : |
|     v. | : Adversary No. 19-00143-MDC |
| Daryl R. Rothmund, | : |
|         Defendant. | : |

# **<u>MEMORANDUM</u>**

BY: THE HONORABLE MAGDELINE D. COLEMAN, CHIEF UNITED STATES BANKRUPTCY JUDGE

## I.    INTRODUCTION

The plaintiff, Jenzack Partners, LLC (the "Plaintiff"), filed this adversary proceeding ("Adversary Proceeding") seeking a revocation of the discharge that debtor Daryl R. Rothmund (the "Debtor-Defendant") obtained in his chapter 7 bankruptcy case (the "Discharge"). The Plaintiff has moved for summary judgment, asserting that the undisputed facts show that the Debtor-Defendant obtained his discharge through fraud of which the Plaintiff only became aware after the Discharge was granted, entitling the Plaintiff to judgment as a matter of law pursuant to §727(d) of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code"). The Debtor-Defendant opposes summary judgment, arguing the facts support a finding that before the Discharge was granted the Plaintiff should have filed an action pursuant to §727(a) of the Bankruptcy Code seeking to bar the Discharge, and therefore cannot now seek its revocation. For the reasons set forth below, the Court will grant summary judgment in favor of

the Plaintiff and enter an order revoking the Discharge pursuant to §727(d)(1) of the Bankruptcy Code.

## II.  RELEVANT PROCEDURAL BACKGROUND

On April 2, 2018, the Debtor-Defendant filed his voluntary chapter 7 bankruptcy petition.[1]  The Plaintiff holds a claim of almost $800,000.00 against the Debtor-Defendant based on a 2011 judgment (the "Judgment") against the Debtor-Defendant entered by the Court of Common Pleas of Bucks County, Pennsylvania in favor of Sovereign Bank, which was subsequently assigned to the Plaintiff in 2014 (generally, the "State Court Litigation").[2]

In the years prior to the Debtor-Defendant's 2018 bankruptcy filing, the Plaintiff had engaged in extensive discovery in aid of execution on the Judgment.  Supplementing those efforts, approximately two months after the bankruptcy filing, on June 7, 2018, the Plaintiff filed the *Motion for Entry of Order Directing Rule 2004 Examination and Production of Documents* (the "Rule 2004 Motion"),[3] seeking an examination of the Debtor-Defendant and his production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004, "to investigate and examine the Debtor and the Debtor's fraudulent transfer of assets and contracts…."  The Debtor-Defendant objected to the Rule 2004 Motion,[4] generally grounded on the scope and relevance of the requested documents and the contemplated examination, but on July 25, 2018, the Court entered a consent order granting the Rule 2004 Motion (the "Rule 2004 Order").[5]  The Rule 2004 Order directed the Debtor-Defendant to testify at an examination (the "Rule 2004

---

[1] Bankr. Docket No. 1.

[2] On June 22, 2018, the Plaintiff filed a proof of claim in the Debtor-Defendant's bankruptcy case in the amount of $791,673.13.  Proof of Claim 2-1.

[3] Bankr. Docket No. 36.

[4] Bankr. Docket No. 41.

[5] Bankr. Docket No. 50.

Examination") on September 6, 2018, and to produce certain documents to the Plaintiff in advance of the Rule 2004 Exam. Pursuant to the Rule 2004 Order, the Debtor-Defendant produced certain documents in August 2018 and testified at the Rule 2004 Examination.

In the meantime, on July 12, 2018, the Debtor-Defendant received the Discharge in his bankruptcy case.[6] After engaging in the discovery pursuant to the Rule 2004 Order, on July 10, 2019, the Plaintiff initiated this Adversary Proceeding against Daryl R. Rothmund (the "Debtor-Defendant," and together with the Plaintiff, the "Parties") by filing a Complaint seeking revocation of the Debtor-Defendant's discharge pursuant to §727 of the Bankruptcy Code (the "Complaint").[7] The Complaint alleges that through the Debtor-Defendant's post-Discharge document production and testimony at the Rule 2004 Examination, the Plaintiff first learned that the information the Debtor-Defendant had provided prior to his Discharge in (i) the State Court Litigation, (ii) his bankruptcy case (including in his bankruptcy schedules, his testimony at the meeting of creditors, and his document production in response to the Rule 2004 Order), and (iii) his pre-petition tax returns, was false, fraudulent, and/or woefully incomplete, particularly with respect to his income and the assets and liabilities of his various entities.[8] The Plaintiff asserts that the Debtor-Defendant's false representations and omissions with respect to his income and assets were an attempt to defraud creditors, the chapter 7 trustee, and this Court, warranting revocation of the Discharge.

On August 12, 2019, the Debtor-Defendant filed an Answer to the Complaint (the "Answer"),[9] consisting largely of form denials of the Complaint's allegations.

---

[6] Bankr. Docket No. 47.

[7] Adv. Pro. Docket No 1.

[8] Complaint, at ¶¶7-10.

[9] Adv. Pro. Docket No. 8.

The Plaintiff then moved for summary judgment (the "Summary Judgment Motion").[10] The Summary Judgment Motion reiterates the Complaint's allegations that the Plaintiff first learned of the Debtor-Defendant's alleged hidden income and assets after the Discharge was granted, by virtue of the discovery conducted pursuant to the Rule 2004 Order, as well as from materials produced in September 2019 by the Debtor-Defendant's Automatic Empire LLC entity ("Automatic Empire") in a state court action against the Debtor-Defendant's business partner (the "Third Party Production"). The Summary Judgment Motion argues that the information obtained through this discovery shows "the actual state of Debtor's financial affairs is favorable and inconsistent with Debtor's statements in the state court actions and to this Court." The Summary Judgment Motion attached 14 exhibits which the Plaintiff argues support the conclusion that the Debtor-Defendant misled creditors, the chapter 7 trustee, and the Court prior to the Discharge regarding his income, assets, and liabilities. The Plaintiff therefore asks that the Court revoke the Discharge pursuant to §727(d) of the Bankruptcy Code based on the Debtor-Defendant's alleged scheme to defraud the Plaintiff and conceal assets.

The Debtor-Defendant filed an opposition to the Summary Judgment Motion (the "Summary Judgment Opposition"),[11] arguing that the Plaintiff failed to file a nondischargeability action with respect to its claim prior to the expiration of the deadline, and now improperly seeks revocation of the Discharge based on fraud allegations it made or should have made prior to the Discharge: "Here, the creditor clearly had notice of the alleged fraud prior to the discharge, even if not in possession of the documentation … through the state court litigation. The Creditor had documents and financial documents, pursuant to the ongoing state litigation, to make it aware of any irregularities it is [now] alleging. Even if the documents were not obtained until receipt of

---

[10] Adv. Pro. Docket No. 36.

[11] Adv. Pro. Docket No. 39.

4

discovery, as claimed, the Creditor should have been aware of its complaints to the discharge and should have filed those disputes then …."[12] The Debtor-Defendant argues that the Plaintiff therefore does not meet the standard for revocation of the Discharge under §727(d) of the Bankruptcy Code.[13]

On February 17, 2021, the Court held a hearing (the "Hearing") on the Summary Judgment Motion, during which the Court *sua sponte* raised the Debtor-Defendant's failure, in opposing the Summary Judgment Motion, to comply with Federal Rule of Civil Procedure 56(c)'s requirement that assertions of disputed fact be supported by the record.[14] After colloquy with the Parties, the Court entered an Order[15] pursuant to Rule 56(e)(1) giving the Debtor-Defendant the opportunity to submit an affidavit in support of the Summary Judgment Opposition.[16]

Consequently, on June 4, 2021, the Debtor-Defendant filed an affidavit in support of his Summary Judgment Opposition (the "Affidavit").[17] The Affidavit addresses the various entities and trusts in which the Debtor-Defendant holds an interest, the State Court Litigation through

---

[12] Brief in Support of Summary Judgment Opposition, at p. 6 (unnumbered).

[13] *Id.*, at pgs. 7-8.

[14] Rule 56(c) of Federal Rule of Civil Procedure 56 ("Rule 56"), made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

[15] Adv. Pro. Docket No. 45.

[16] Rule 56(e) provides that "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any appropriate order."

[17] Adv. Pro. Docket No. 50.

which the Plaintiff acquired its claim against the Debtor-Defendant and the discovery the Plaintiff took in aid of execution, the Debtor-Defendant's representations in this bankruptcy case regarding his income and assets, and the Plaintiff's allegations regarding the Debtor-Defendant's fraudulent and false representations prior to and in connection with the bankruptcy case.  As is the Debtor-Defendant's position in the Summary Judgment Opposition and in oral argument at the Hearing, the Affidavit includes argument that the Plaintiff had sufficient information regarding the Plaintiff's alleged fraudulent disclosures of income and assets prior to the Discharge to have required the Plaintiff to object to the Discharge before it was granted, rather than seek its revocation under §727(d).

On July 28, 2021, with leave of the Court, the Plaintiff filed a sur-reply (the "Sur-Reply Brief")[18] to address the issues raised in and by the Affidavit.  In its Sur-Reply Brief, the Plaintiff addresses what it argues are the Affidavit's deficiencies in establishing a dispute as to a material fact that would preclude summary judgment, including that it "does not attach any materials showing that Defendant provided accurate financial information to the Court, the trustee or to the Plaintiff, prior to [the Discharge] or the [Third Party Production]."[19]  The Plaintiff also attached additional exhibits to the Sur-Reply Brief that it argues support the entry of summary judgment in its favor.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, requires the Court to grant summary judgment to the Plaintiff if it has been shown that there is no genuine dispute as to any material fact and the Plaintiff is entitled to judgment as a matter of law.

---

[18] Adv. Pro. Docket No. 63.

[19] Sur-Reply Brief, at pgs. 2-3.

F.R.C.P. 56(a). The Court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one sided that one party must prevail as a matter of law. *Feldman v. Carbone (In re Carbone)*, 615 B.R. 76, 79 (Bankr. E.D. Pa. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If a fact "'might affect the outcome of the suit under governing law,' the factual dispute is material and will allow the nonmovant to survive summary judgment." *Ackerly v. Cheesecake Factory Rests.*, 2021 U.S. Dist. LEXIS 138724, at *5 (E.D. Pa. July 26, 2021) (quoting *Liberty Lobby, Inc.*, 477 U.S. at 248). A grant of summary judgment is appropriate only if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In resolving the Summary Judgment Motion, the Court is obligated to review the record as a whole and in the light most favorable to the Debtor-Defendant as the nonmovant, drawing reasonable inferences in his favor. *Id.* (quoting *In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 396 (3d Cir. 2015)). To successfully oppose summary judgment, however, the nonmoving party may not simply rest on the pleadings but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute. *Carbone*, 615 B.R. at 79 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); F.R.C.P. 56(c)(1)(A)-(B). Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to create an issue of fact and defeat summary judgment. *Smith v. NMC Wollard*, 2021 U.S. Dist. LEXIS 138415, at *4 (E.D. Pa. July 23, 2021) (citing *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F.Supp.2d 490, 493 (E.D. Pa. 2010)); *see also Carbone*, 615 B.R. at 79 ("Evidence that merely raises some metaphysical doubt

regarding the validity of a material fact is insufficient to satisfy the nonmoving party's burden.") (citing *Matsushita*, 475 U.S. at 586).

## IV.  LEGAL STANDARD FOR REVOCATION OF THE DISCHARGE UNDER §727(D) OF THE BANKRUPTCY CODE

The Court begins its discussion of the standard for revocation under §727(d) by addressing a well-taken point the Debtor-Defendant makes in the Summary Judgment Opposition, which is that because the Discharge has already been granted, the Plaintiff's claim for revocation is pursuant to §727(d).[20]  The Complaint seeks revocation pursuant to §727 generally, but also includes references to §§727(a)(3) through (a)(6).[21]  Likewise, the Summary Judgment Motion argues that the Discharge should be revoked pursuant to §727(d),[22] but also argues that revocation is warranted under §§727(a)(2) through (a)(6).[23]

Revocation of a chapter 7 discharge is governed exclusively by §727(d). *Vil v. Poteau (In re Poteau)*, 2016 Bankr. LEXIS 4095, at *8 (Bankr. D. Mass. Nov. 28, 2016) (recounting procedural history of the litigation whereby the court dismissed a count of a revocation complaint because it was grounded in §727(a)); *see also In re Ausmus*, 2015 Bankr. LEXIS 2779, at *10 (Bankr. W.D. Ky. Aug. 20, 2015) (noting Seventh Circuit holding that §727(d) provides the exclusive grounds for revocation of a discharge) (*citing Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005)); *In re Leiter*, 109 B.R. 922, 925 (Bankr. N.D. Ind. 1990) ("The language of §727(d) and (e) is unequivocal.  Revocation of discharge can only be by the timely request of a trustee or a creditor, *and only based on the grounds set out therein*.") (emphasis added).  As such, while the factual allegations in the Complaint and in the Summary Judgment

---

[20] Summary Judgment Opposition, at p. 8 (unnumbered).

[21] See Complaint, at ¶10(a) to (d).

[22] Summary Judgment Motion, at §III(B).

[23] Summary Judgment Motion, at §III(C) to (G).

Motion related to the purported claims under §727(a) can inform the Court's resolution of the motion under §727(d)'s standards, the legal arguments in the Summary Judgment Motion grounded in the various subsections of §727(a) do not govern the issue at hand.

The Court must revoke the Discharge under §727(d) if:

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section; or
>
> (4) the debtor has failed to explain satisfactorily –
>
>> (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
>>
>> (B) A failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

11 U.S.C. §727(d). Because revocation of discharge is an extraordinary remedy, §727(d) is to be construed liberally in the debtor's favor, and strictly construed against the proponent of revocation. *DeAngelis v. Taylor (In re Taylor)*, 449 B.R. 686, (Bankr. E.D. Pa. 2011). The Plaintiff has the burden of proving by a preponderance of the evidence that revocation is warranted under §727(d). *Dobin v. Lawrence (In re Lawrence)*, 2012 Bankr. LEXIS 81, at *7-*8 (Bankr. D.N.J. Jan. 9, 2012); *Anderson v. Poole*, 177 B.R. 235, 239 (Bankr. E.D. Pa. 1995).

The Complaint does not specify which subsection or subsections of §727(d) the Plaintiff is alleging applies to warrant revocation of the Discharge. Rather, it only cites §727 generally.

9

Likewise, the Summary Judgment Motion does not cite the subsection or subsections of §727(d)(1) the requirements of which the Plaintiff asserts have been met as a matter of law, instead referring only to §727(d) generally. However, reading the allegations of the Complaint and the argument in the Summary Judgment Motion together, the Court concludes that the Plaintiff is seeking summary judgment under §727(d)(1) based on the Complaint's allegations that the Debtor-Defendant obtained the Discharge through fraud.[24]

Under §727(d)(1), the Plaintiff must prove that the Debtor-Defendant committed fraud in fact which would have barred the Discharge had it been discovered before it was granted. *McDonnell v. Blaine*, 2014 Bankr. LEXIS 1206, at *6 (Bankr. D.N.J. Mar. 26, 2014); *see also Green v. O'Neill (In re Green)*, 308 B.R. 677, 681 (D. Del. 2004) ("[T]he burden is on the party seeking revocation to show the discharge had been procured by fraud and that sufficient grounds existed that would have prevented the discharge had they been known and presented in time. These are the second and third elements that the party seeking revocation of the discharge must prove. The threshold issue is that the 'party requesting revocation of discharge must prove his lack of knowledge of the fraud prior to discharge.'") (quoting *In re Topper*, 85 B.R. 167, 169 (Bankr. S.D. Fla. 1988)). The focus is on whether the Debtor-Defendant obtained his discharge through fraud, not whether he defrauded the Plaintiff prior to his bankruptcy filing. *Antonucci v. Carbone (In re Carbone)*, 2019 Bankr. LEXIS 3768, at *9 (Bankr. E.D. Pa. Dec. 11, 2019) ("As to the first element [of §727(d)(1)], the complaint must allege procurement of the discharge

---

[24] The Complaint asserts that the Debtor-Defendant "has failed and refused to obey the [Rule 2004 Order]," and is in violation of §727(a)(6). Complaint, at ¶¶9, 10. Section 727(d)(3) invokes §727(a)(6), permits revocation where a debtor has, among other things, refused in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify. 11 U.S.C. §727(a)(6)(A). The Summary Judgment Motion, however, makes no focused argument as to whether and why §727(d)(3) or §727(a)(6) have been established as a matter of law, and in fact does not appear to even specifically mention the Debtor-Defendant's alleged refusal to obey the Rule 2004 Order. The Court therefore concludes that the Plaintiff does not move for summary judgment on this basis.

10

through fraud, and not the defrauding of a creditor."); *In re Fellheimer*, 443 B.R. 355, 367-68 (Bankr. E.D. Pa. 2010) (same) (citing Norton Bankruptcy Law and Practice 3d, §86.23 (2010)).

V. **REVOCATION IS APPROPRIATE UNDER §727(D)(1) BECAUSE THE DEBTOR-DEFENDANT FRAUDULENTLY FAILED TO DISCLOSE CERTAIN ASSETS POTENTIALLY AVAILABLE FOR DISTRIBUTION TO CREDITORS IN THIS BANKRUPTCY CASE**

As noted above, Plaintiff alleges that the Debtor-Defendant's fraud is established by his failure to disclose income and assets which, had they been disclosed, would have precluded the Discharge from being granted. The Plaintiff compares the information the Debtor-Defendant provided in his post-Discharge discovery responses and testimony at his Rule 2004 Examination, as well as the information obtained through the Third Party Production, on the one hand, with the information, or lack thereof, provided both to the Plaintiff in the State Court Litigation and to the chapter 7 trustee and creditor body in this bankruptcy case through the Debtor-Defendant's schedules and testimony at the meeting of creditors, on the other hand.

Much of the evidence the Plaintiff cites to in the Summary Judgment Motion consists of the Debtor-Defendant's testimony at the Rule 2004 Examination, where he failed to adequately explain or support information in pre-petition tax returns regarding his income and the income and assets of Automatic Empire or his other entities.[25] The Debtor-Defendant's inconsistent testimony regarding the tax returns forms much of the basis for the Plaintiff's argument that revocation is appropriate.[26]

The Court finds, however, that whatever inaccuracies or misrepresentations might be in the pre-petition tax returns, the Plaintiff has not established for purposes of summary judgment that the alleged inaccuracies in the tax returns served as a fraud <u>by which</u> the Discharge was

---

[25] Summary Judgment Motion, at §II(B).

[26] In attempting to execute on the Judgment, the Plaintiff had sought the tax returns to determine what assets were available.

obtained. Section 727(d)(1) has two conjunctive requirements: (1) the discharge was *obtained through* fraud; and (2) the party seeking revocation did not know about the fraud until after discharge was granted. *Walsh v. Helsel (In re Helsel)*, 326 B.R. 591, 597-98 (Bankr. W.D. Pa. 2005). "The phrase 'obtained through' in §727(d)(1) is causative – *i.e.*, the debtor would not have received a discharge *but for* the debtor's fraud." *Id.* (citing *White v. Nielsen (In re Nielsen)*, 383 F.3d 922, 925 (9th Cir. 2004)). Here, to the extent the Debtor-Defendant filed incomplete or inaccurate tax returns in the years prior to the bankruptcy petition, the Summary Judgment Motion does not establish that the Discharge was obtained through the misinformation in those tax returns. Therefore. the Court cannot find at the summary judgment stage that the Debtor-Defendant obtained the Discharge by that alleged fraud. *Compare Carbone*, 2019 Bankr. LEXIS 3768, at *8-*9 (finding that a count of a revocation complaint premised on §727(d)(1) adequately pled the "obtained through" element where it was alleged that the debtor failed to disclose various sources of income in *his schedules*).[27]

The Summary Judgment Motion also alleges that revocation is warranted because, despite the Debtor-Defendant's representations in the State Court Litigation that he had not received any payments from Automatic Empire and was not entitled to any payments, he received a substantial distribution of $454,182.16 from the sale of that entity's property in 2015.[28] Although the Plaintiff does not address why (i) this alleged payment should have been disclosed in the Debtor-Defendant's bankruptcy schedules, as opposed to earlier discovery

---

[27] Aside from the Summary Judgment Motion's failure to establish the causative connection between the alleged inaccuracies in the tax returns and the Discharge, the Court also notes that the Affidavit's explanation for the Debtor-Defendant's statements regarding the tax returns at the Rule 2004 Examination raises a question in the Court's mind regarding the Debtor-Defendant's fraudulent intent in completing the tax returns, that would more appropriately be fleshed out at trial. *See Helsel*, 326 B.R. at 598 (the fraud that was committed must involve intentional wrongdoing).

[28] Summary Judgment Motion, at §II(A).

responses to the Plaintiff in the State Court Litigation, or (ii) how the Discharge was obtained through the allegedly fraudulent non-disclosure of this payment, the Court concludes that this disconnect does not matter for purposes of the Summary Judgment Motion. That is because whether the Debtor-Defendant received the alleged payment from Automatic Empire is a disputed fact. In the Affidavit, the Debtor-Defendant represents that the proceeds of the sale of Automatic Empire's property were insufficient to pay that entity's debts, and therefore he did not receive any distribution from those proceeds.[29] The Court therefore finds that summary judgment based on this allegation is not appropriate.

The Court, however, finds that the Plaintiff has established, through allegations and evidence not disputed by the Summary Judgment Opposition or Affidavit, certain fraudulent disclosures by the Debtor-Defendant in this bankruptcy case that did allow him to obtain the Discharge without the chapter 7 trustee and creditors understanding the full extent of his assets and whether and how much of those assets were distributable to creditors.[30]

The Debtor-Defendant admits that as of January 1, 2010, he was the sole member of International Building Group, LLC ("IBG"), formed to manage construction projects.[31] In his Schedule A/B, filed on April 16, 2018, the Debtor-Defendant represented that the value of that interest was $0.[32] Attached to the Summary Judgment Motion at Exhibit K, however, is a Mechanic's Lien Claim filed by IBG in Pennsylvania state court on November 27, 2019, asserting that it was owed $1,085,964.89 for labor performed and materials supplied under a

---

[29] Affidavit, at ¶¶61-62.

[30] On November 20, 2020, the chapter 7 trustee docketed a Report of No Distribution stating that there is no property available for distribution from the estate over and above the Debtor-Defendant's permitted exemptions. The report reflects abandoned assets valued at $138,370.00 and exempt assets of $23,950.00.

[31] Affidavit, at ¶¶15-16.

[32] Bankr. Docket No. 12, at question 19.

contract dated January 11, 2016, with work last performed on or about June 10, 2019. The Debtor-Defendant executed that Mechanic's Lien Claim on behalf of IBG. In his Affidavit, the Debtor-Defendant represents that all of IBG's bank accounts are closed and IBG has no remaining assets, but does not make any effort to dispute the existence of the sizeable Mechanic's Lien Claim or the fact that the receivable due is a substantial asset of IBG which would have given the entity a value in excess of $0 as represented in his Schedule A/B. Nor does the Debtor-Defendant dispute that the Plaintiff only learned of this large receivable upon the filing of the Mechanic's Lien Claim, which occurred well after the Discharge was granted.

Moreover, Automatic Empire's Profit and Loss Detail, attached to the Summary Judgment Motion at Exhibit J, reflects that Automatic Empire owed IBG as much as $480,306.71 for various charges dating from 2010 to 2015.[33] The Affidavit fails to address these receivables and why, despite them, the Debtor-Defendant attributed no value to his sole member interest in IBG. Nor does the Affidavit dispute that the Profit and Loss Detail was only produced as part of the Third Party Production in September 2019, well after the Discharge was granted, or that the Plaintiff did not have access to this information prior to the Discharge.

Together, the Mechanic's Lien Claim and the receivables from Automatic Empire total almost $1.6 million in assets of IBG, certainly some (if not all) of which existed and were known when the Debtor-Defendant filed the bankruptcy petition and completed his schedules. Yet the Debtor-Defendant attributed $0 in value to his sole membership interest in IBG, and as the Plaintiff notes in the Sur-Reply Brief, did not even address this misrepresentation in the Summary Judgment Opposition or Affidavit, let alone present contradicting information or evidence that would allow the Court to conclude there is a dispute as to these facts. This is

---

[33] Summary Judgment Motion, at Ex. J1.

particularly glaring given the Debtor's central role in both Automatic Empire and IBG, such that it is impossible for the Debtor-Defendant to have been unaware of IBG's assets when completing his schedules. Having failed to contest these allegations and evidence, the Court finds that the Debtor-Defendant's failure to disclose the significant value of his interest in IBG, and the corresponding potential for distribution to his creditors, constitutes a fraud which allowed the Debtor-Defendant to obtain a discharge the scope of which he would not have been entitled had the information been disclosed. *See, e.g., Du Trac Cmty. Credit Union v. Hefel (In re Hefel)*, 2013 Bankr. LEXIS 3144 (Bankr. N.D. Iowa Aug. 5, 2013) (revoking debtors' discharge pursuant to §727(d)(1) due to their reckless or knowing omission of assets in their bankruptcy schedules and statements in order to mislead creditors and the trustee); *Neary v. Darby (In re Darby)*, 376 B.R. 534 (Bankr. E.D. Tex. 2007) (revoking the debtor's discharge pursuant to §727(d)(1) where she knowingly and fraudulently misstated the existence and value of her assets in her bankruptcy schedules prior to her discharge). Because the Plaintiff could not have known about this information prior to the grant of the Discharge, the requirements of §727(d)(1) are met.

### VI.    CONCLUSION

For the reasons set forth *supra*, the Court finds that the Plaintiff is entitled to summary judgment on its claim in the Complaint for revocation of the Discharge pursuant to §727(d)(1) of the Bankruptcy Code.

An Order consistent with this Memorandum Opinion will be entered.

Dated: August 31, 2021

*Magdeline D. Coleman*
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Dana S. Plon, Esquire
Patrick J. Troy, Esquire
Sirlin Lesser & Benson, PC
123 S. Broad Street, Suite 2100
Philadelphia, PA 19109

Thomas D. Bielli, Esquire
Cory P. Stephenson, Esquire
Bielli & Klauder, LLC
1905 Spruce Street
Philadelphia, PA 19103